IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:12CV55–HEH
)
RICHMOND CIRCUIT COURT, )
)
    Respondent. )

## MEMORANDUM OPINION
(Remanding Matter to State Court and Denying Williams's Motions)

Gary Buterra Williams, a Virginia prisoner proceeding *pro se*, attempts to remove his state criminal prosecution to this Court. For the reasons that follow, the request will be denied and the matter will be remanded to state court.

### I. PROCEDURAL HISTORY

By Memorandum Order entered on February 14, 2012, the Court conditionally filed Williams's "Petition for Removal of Criminal/Civil Prosecution Against Person Denied Civil Rights–28 U.S.C. § 1443" (hereinafter "Petition for Removal"). By Memorandum Order entered on October 1, 2012, the Court granted Williams leave to proceed *in forma pauperis* and filed the Petition for Removal.

### II. WILLIAMS'S PETITION FOR REMOVAL

Williams alleges that on November 12, 2008, the Circuit Court of the City of Richmond initiated a criminal prosecution against him. (Pet. for Removal (ECF No. 1) 1.) Williams asserts that the prosecution flows from allegations that Williams, a

convicted felon, possessed a firearm in Texas in June of 2008. (*Id.*) Williams also asserts the Richmond prosecution flows from federal indictments issued in 2008 alleging that he sold drugs in October and November of 2007.[1] (*Id.*)

Williams contends, in pertinent part, that:

> Despite the state of Texas dropping the gun charges and clearing this petitioner's name, and despite the federal government giving the state prosecution evidence of the fabrication of evidence supporting false drug allegations against petitioner before they subsequently dismissed the federal drug indictments against petitioner, the state still persist in its prosecution of this petitioner with no hope of gaining any lawful result. The prosecution is racially motivated and directed at using favorable rulings obtained through the use of fraudulent, perjured, and manufactured evidence to thwart future civil proceedings directed at obtaining compensation and other relief through the federal court for racially motivated acts that violated petitioner's federally protected constitutional/civil rights.
> 4. By reason of the state prosecutor's office for the City [o]f Richmond acting in concert with and in collusion with a crooked police officer from Williamsburg, Virginia, and unwanted deliberately ineffective counsel . . . petitioner is denied and cannot enforce in the judicial tribunals of the state, a right secured by to him by the law of the United States providing for equal civil rights . . . .

(Pet. for Removal 2-3 (punctuation corrected).)

### III. REMOVAL OF CRIMINAL PROCEEDINGS

Removal of a criminal action is proper if a defendant meets the substantive requirements of 28 U.S.C. § 1443. That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the

---

[1] Williams's Richmond prosecution involved probation revocation proceedings. *See Williams v. Smith*, No. 3:11CV578-HEH, 2012 WL 3985609, at *1 (E.D. Va. Sept. 11, 2012). On March 27, 2012, the Circuit Court of the City of Richmond "found Williams in violation of the terms of his December 9, 2005 suspended sentence. *Commonwealth v. Williams*, No. CR04-F-4668 (Va. Cir. Ct. Mar. 27, 2012). The Circuit Court revoked the previously suspended sentence, ordering Williams to serve three years and eleven months of imprisonment. *Id.*" *Id.*

United States for the district and division embracing the place wherein it is pending:

    **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

    **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The Supreme Court has stated that removal under 28 U.S.C. § 1443(2) "is available only to state officers." *Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 n.22 (1966). Thus, Williams must demonstrate that removal is appropriate under 28 U.S.C. § 1443(1).

A "[p]rerequisite to a removal of a pending criminal prosecution under 28 U.S.C.A. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) (internal footnote omitted). Nevertheless, "'broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1).'" *Dugas v. Hanover Cnty. Circuit Court*, 3:08CV72, 2008 WL 4153765, at *3 (E.D. Va. Sept. 5, 2008) (quoting *New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006)). The Supreme Court has made clear that allegations of the ilk advanced here by Williams do not warrant removal. *Greenwood*, 384 U.S. at 827–28.

    It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges

3

against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts *except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.*

*Id.* (emphasis added) (citing cases); *see South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007).

Williams does not identify any law of general application from which it can be clearly predicted that he would not be able to enforce specified federal rights during his state prosecution.[2] *Greenwood*, 384 U.S. at 828. Williams's conclusory allegations are not sufficient to make "'an equally firm prediction that [he] would be 'denied or cannot enforce' . . . specified federal rights in the state court.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Rachel*, 384 U.S. at 804). Moreover, because Williams "has failed to allege that his federal rights cannot be redressed at the appellate level in the [Virginia] judicial system. Section 1443(1) has thus not been satisfied." *Delavigne v. Delavigne*, 530 F.2d 598, 600 (4th Cir. 1976).

---

[2] For example, in *Georgia v. Rachel*, 384 U.S. 780 (1966), twenty African-American individuals were prosecuted in state court for criminal trespass violations as a result of their attempts to obtain service at a privately owned restaurant in Atlanta, Georgia. In contrast, federal law required such a restaurant to serve persons of all races, thus immunizing the conduct for which they were being prosecuted.

4

## IV. CONCLUSION

Williams has failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court. Accordingly, the matter will be remanded to the Circuit Court. *See Northrup v. North Carolina*, 461 F. App'x 211, 212 (4th Cir. 2012) (concluding "the proper disposition upon a determination of the lack of subject matter jurisdiction is to remand the case to the state court, rather than dismiss the action" (citing 28 U.S.C. §§ 1446(c)(3), (4), 1447(c); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005))).

Williams's Motion to Vacate, Alter, Amend State Court Judgment (ECF No. 13) and Amended Motion to Vacate and Set Aside State Court Conviction and Sentencing (ECF No. 15) (collectively "the Motions to Amend") will be denied.[3]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 29, 2013
Richmond, Virginia

---

[3] In his Motions to Amend, Williams challenges the criminal judgments of the Virginia courts.

5