## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

GARY B. WILLIAMS,        )
        )
   Petitioner,        )
        )
v.        )   Civil Action No. 3:12CV55–HEH
        )
RICHMOND CIRCUIT COURT,        )
        )
   Respondent.        )

### MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

Gary Buterra Williams, a Virginia prisoner proceeding *pro se*, attempted to remove his state criminal prosecution to this Court. Because Williams "failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court," the Court remanded the matter to the Circuit Court for the City of Suffolk. *Williams v. Richmond Circuit Court*, No. 3:12CV55–HEH, 2013 WL 1856237, at *3 (E.D. Va. Apr. 29, 2013). The matter is before the Court on Williams's Motion to Vacate that decision pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated herein, the motion will be DENIED.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406,

1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).[1]  Williams fails to demonstrate that the Court committed a clear error of law in concluding that Williams failed to demonstrate jurisdiction existed to remove his criminal prosecution to this Court.  Nor does Williams demonstrate any other basis for granting Rule 59(e) relief.  Accordingly, Williams's Rule 59(e) Motion (ECF No. 30) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 25 2013
Richmond, Virginia

---

[1] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).