IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:12CV55–HEH
)
RICHMOND CIRCUIT COURT, )
)
    Respondent. )

## MEMORANDUM OPINION
(Denying Rule 60(b) Motion)

Gary Buterra Williams, a Virginia prisoner proceeding *pro se*, attempted to remove his state criminal prosecution to this Court. Because Williams "failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court," the Court remanded the matter to the Circuit Court for the City of Suffolk. *Williams v. Richmond Circuit Court*, No. 3:12CV55–HEH, 2013 WL 1856237, at *3 (E.D. Va. Apr. 29, 2013). By Memorandum Opinion and Order entered on July 26, 2013, the Court denied Williams's Motion under Federal Rule of Civil Procedure 59(e). (ECF Nos. 39, 40.) The matter is before the Court on Williams's Motion to Vacate that decision pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). For the reasons stated herein, the motion will be denied.

Relief under Rule 60(b) is an "extraordinary remedy," warranted only under "exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979) (citations omitted). "'Rule 60(b) does not authorize a motion merely for

reconsideration of a legal issue.'" *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)). Williams fails to identify any extraordinary circumstance that warrants relief. Instead, Williams simply revises many of the frivolous legal arguments the Court previously rejected. Williams fails to demonstrate any error by the Court, much less any basis for granting him relief at this late juncture. Accordingly, Williams's Rule 60(b) Motion (ECF No. 43) will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sep 6, 2013
Richmond, Virginia